**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO ANTUNEZ-SALGADO, | No. 15-72633 |
| Petitioner, | Agency No. A076-643-866 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018**

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Mario Antunez-Salgado, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion for a continuance, voluntary departure, and administrative closure. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence

the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.

2008), we review for an abuse of discretion the agency's denial of a motion to

continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and we

review de novo questions of law, *Mendez-Mendez v. Mukasey*, 525 F.3d 828, 832

(9th Cir. 2008). We dismiss in part and deny in part the petition for review.

As to Antunez-Salgado's claim based on his family as a protected ground,

substantial evidence supports the agency's determination that Antunez-Salgado

failed to demonstrate a nexus between the harm he fears and his family

membership. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (desire to

be free from harassment by criminals motivated by theft or random violence by

gang members has no nexus to a protected ground). As to Antunez-Salgado's

claim based on the social group of Mexican returnees perceived as wealthy, the

agency did not err in finding that Antunez-Salgado failed to demonstrate this was a

cognizable group. *See Ramirez-Munoz v. Holder*, 816 F.3d 1226, 1228-29 (9th

Cir. 2016) (concluding "imputed wealthy Americans" returning to Mexico did not

constitute a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148,

1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Thus, Antunez-Salgado's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Antunez-Salgado failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Mexico. *See Ramirez-Munoz*, 816 F.3d at 1230.

The agency did not abuse its discretion in denying Antunez-Salgado's motion for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (finding agency did not abuse its discretion in denying a continuance where relief was not immediately available); *see also Matter of Sanchez Sosa,* 25 I. & N. Dec. 807, 812-16 (BIA 2012) (discussing how a petitioner may establish prima facie eligibility for a U visa such that a continuance or remand might be warranted).

We lack jurisdiction to review the agency's discretionary denial of voluntary departure, *see* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holde*r, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law), and denial of administrative closure, *see Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114,

1120 (9th Cir. 2009) (court lacks jurisdiction to review denial of administrative closure).

We also lack jurisdiction to review Antunez-Salgado's unexhausted contention as to the IJ's denial of cancellation of removal and as to the new social group he proposes for the first time in his opening brief. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (the court lacks jurisdiction to review claims not exhausted before the agency; when an alien files a brief with the BIA, he will be deemed to have exhausted only the issues raised and argued in the brief).

Finally, we reject as unsupported by the record, Antunez-Salgado's contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**